PHILIP WALD and Another, Respondents, *v.* THOMAS J. DRENNAN, as Fire Commissioner of the City of New York, Appellant.

First Department, November 27, 1925.

Municipal corporations — action to restrain fire commissioner of city of New York from enforcing orders in reference to installation of automatic fire alarms and sprinkler systems in plaintiffs' apartment house — power of commissioner in that respect is defined by Greater New York charter, §§ 774 and 775 — said sections except apartment houses — authority given by Code of Ordinances, chap. 12, art. 2, § 20, not controlling in so far as it exceeds charter — injunction granted.

The fire commissioner of the city of New York has power to enforce section 20 of article 2 of chapter 12 of the Code of Ordinances of the City of New York relating to fire alarms and fire extinguishing appliances, in so far only as pro-

vided by sections 774 and 775 of the Greater New York charter, and since said sections of the charter except apartment houses from the requirements relating to the installation and maintenance of automatic or other fire alarm systems and fire extinguishing equipment, the fire commissioner did not have power to issue orders to the plaintiffs directing them to install automatic fire alarms and fire extinguishing equipment in their apartment house.

Accordingly, plaintiffs are entitled to an injunction restraining the defendant from enforcing said orders.

DOWLING and McAVOY, JJ., dissent.

APPEAL by the defendant, Thomas J. Drennan, as fire commissioner of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of March, 1925, resettling an order entered in said clerk's office on the 11th day of March, 1925, enjoining and restraining the defendant during the pendency of this action from enforcing two orders each dated December 17, 1923, numbered 52911-F and 52910-F, affecting premises 1342 Park avenue, New York city.

*George P. Nicholson, Corporation Counsel* [*Willard S. Allen* of counsel; *John F. O'Brien* and *F. E. V. Dunn* with him on the brief], for the appellant.

*Abraham J. Halprin,* for the respondents.

BURR, J.:

The orders issued by defendant to the plaintiffs are dated December 17, 1923, and read in part as follows:

"(A) To Owner or Owners:

" Owner or Owners of premises 1342 Park Avenue, Borough of Manhattan, New York City:

" You are hereby ordered and required, within twenty days from date of the service of this order, to:

" Provide the following means of preventing the spread of fire:

" 1. Provide fireproof doors, windows and transoms for all openings leading to the stair enclosure.

" 2. Provide fireproof windows on the course of fire escape on all stories. Sec. 20, Ch. 12, Code of Ordinances.

" JOSEPH M. HANNAN,
" *Deputy Fire Commissioner.*"

"(B) To Owner or Owners:

" Owner or Owners of premises No. 1342 Park Avenue, Borough of Manhattan, New York City:

" You are hereby ordered and required, within twenty days from date of the service of this order, to:

" Provide the following means of preventing the spread of fire:

" 1. Provide an approved automatic closed circuit fire alarm

system with a connection to Fire Department Headquarters. Automatic actuating devices are to cover all portions of the basement, 1st story, stair halls, private halls and all interior shafts throughout the premises.

" Plans and specifications showing the type of system and the location of actuating devices should be filed in duplicate and approved by the Fire Commissioner before work is started. Sec. 20, Ch. 12, Code of Ordinances.

" 2. Provide separate and distinct system of automatic sprinklers in cellar, dumbwaiter shafts and all stairhalls having at least one source of water supply, arranged and equipped as provided in the rules for fire extinguishing appliances adopted by the Board of Standards and Appeals, May 24, 1917, as amended May 2, 1918, and January 21, 1919, effective February 17, 1919. One set of preliminary paper plans accompanied by application and specification sheets in duplicate, showing all proposed sprinkler work, must be filed with and approved by this Department before the above work may be commenced   *   *   *.    Sec. 20, Ch. 12, Code of Ordinances.

' JOSEPH M. HANNAN,
" *Deputy Fire Commissioner.*"

The complaint alleges that at all times thereinafter mentioned, the plaintiffs were and still are the owners of the premises known as No. 1342 Park avenue, in the borough of Manhattan, city of New York; that the said premises are what is commonly known as a tenement house occupied by nine families for dwelling purposes, and that there are two stores on the ground floor in said premises occupied for commercial purposes; that said premises are of brick construction and have been constructed under and pursuant to the Tenement House Law of the city of New York; that on or about December 18, 1923, the plaintiffs received from the defendant the orders annexed to the complaint and marked Exhibits " A " and " B;" that the defendant was and still is fire commissioner of the city of New York; that the action of the defendant in issuing said orders was and still is illegal and unauthorized and that the defendant had no power to issue or order the same; that the defendant has threatened to commence criminal prosecution against plaintiffs in the event of their failure to comply with the provisions and requirements of said orders; that no power exists in law under and by the terms of which the defendant is empowered to issue and execute the said orders and require the performance thereof; that the plaintiffs have no adequate remedy at law and will suffer irreparable injury unless an injunction issue. Wherefore plaintiffs demand judgment: 1. That an injunction be issued during the

pendency of this action; and 2. That the defendant be enjoined and restrained from in anywise enforcing or requiring the performance of the said orders.

Plaintiffs on February 15, 1924, moved for an injunction *pendente lite*, which motion coming on to be heard, was granted by the justice at Special Term without opinion. From the order entered thereon this appeal is taken.

The sole issue involved here is whether or not the defendant fire commissioner had power to issue the orders in question. Concededly the plaintiffs' property is a tenement house. The defendant fire commissioner claims such power under section 20 of article 2 of chapter 12 of the Code of Ordinances of the City of New York. The ordinance was originally adopted by the board of aldermen on December 19, 1911, and took effect January 1, 1912 (Cosby's Code of Ordinances, 1912, pp. 438–440; Proc. Bd. Ald. 1911, vol. 4, p. 545), and, as rearranged and amended by that board, provides as follows:

" § 20. Fire-alarm and fire-extinguishing appliances. The owners and proprietors of all manufactories, hotels, tenement-houses, apartment houses, office buildings, boarding and lodging-houses, warehouses, stores and offices, theatres and music halls, and the authorities or persons having charge of all hospitals and asylums, and of the public schools and other public buildings, churches and other places where large numbers of persons are congregated for purposes of worship, instruction or amusement, and all piers, bulkheads, wharves, pier sheds, bulkhead sheds or other water-front structures, shall provide such means of communicating alarms of fire, accident or danger to the police and fire departments, respectively, as the fire commissioner or the police commissioner may prescribe, and shall also provide such fire hose, fire extinguishers, buckets, axes, fire hooks, fire doors and other means of preventing and extinguishing fires as the fire commissioner may direct." (Cosby's Code of Ordinances, 1925, p. 335, § 20; Proc. Bd. Ald. 1918, vol. 4, p. 526.)

Section 774 of the Greater New York charter (Laws of 1901, chap. 466, added by Laws of 1911, chap. 899, § 4, as amd. by Laws of 1916, chap. 503, § 7) provides as follows:

" Fire commissioner, duties of.

" § 774. The commissioner is empowered to enforce all laws and ordinances and the rules and regulations of the board of standards and appeals in respect of

" 1. The prevention of fires and danger to and loss of life and property therefrom; * * *

" 3. The installation and maintenance of automatic or other fire alarm systems and fire extinguishing equipment;

" 4. The means and adequacy of exit, in case of fire, as provided in the Labor Law, the Building Code and the rules and regulations of the board of standards and appeals, in and from all buildings, structures, enclosures, vessels, places and premises in which numbers of persons work, live or congregate from time to time for any purpose *except tenement houses.*     *     *     *

" 6. The use and occupancy of buildings and other structures *except tenement houses.*     *     *     *."

Section 775 of the Greater New York charter (added by Laws of 1911, chap. 899, § 4, as amd. by Laws of 1914, chap. 459, § 1, and Laws of 1916, chap. 503, § 8) provides as follows:

" Powers of the commissioner.

" § 775.  The commissioner is further empowered to     *     *     *

" 2.  Order, in writing, the remedying of any condition found to exist in, on or about any building, structure, enclosure, vessel, place or premises, except tenement houses, in violation of any law or ordinance or rule or regulation of the board of standards and appeals in respect to fires or to the prevention of fires or in respect to any of the matters mentioned in section seven hundred and seventy-four, except as otherwise provided in this act and *except the Tenement House Law;*

" 3.  Order, in writing, the installation, as prescribed by any law or ordinance or by the rules and regulations of the board of standards and appeals, in any building, structure, enclosure, vessel, place or premises, of automatic or other fire alarm system or fire extinguishing equipment and the maintenance and repair thereof; or the construction, as prescribed by any law or ordinance or rule or regulation of the board of standards and appeals, of adequate and safe means of exit from all buildings, structures, enclosures, vessels, places and premises, *except tenement houses.*"

Section 775-b of the Greater New York charter (added as § 775-a by Laws of 1914, chap. 459, § 2, as renum. by Laws of 1916, chap. 503, § 11) provides as follows:

" Fire drills.

" § 775-b.  The fire commissioner, in cases where provision is not otherwise made by law or ordinance, is empowered in his discretion to require and compel the regular and periodical performance of a fire drill, including instruction and practice in the use of means of exit, alarm systems and fire prevention or extinguishing methods and equipment, in all buildings, structures, enclosures, vessels, places and premises where numbers of persons work, live or congregate in the city of New York *except tenement houses.*"

It is to be noted that the ordinance, section 20 of article 2 of chapter 12 of the Code of Ordinances of the City of New York, does not

empower the fire commissioner to issue the orders in question except as such power might be inferred from the direction to owners to comply. The commissioner, however, does not derive his powers from the ordinance but from the Legislature, and these powers are expressly prescribed and limited by section 775 of the Greater New York charter. This section specifically excepts tenement houses from the structures concerning which he is authorized to prescribe conditions. The ordinance, of course, could not compel the observance of orders which the commissioner had no authority to make, and it is obvious that a direction to obey orders which the commissioner has no power to make could not confer such power on the commissioner.

We are of the opinion that the fire commissioner has no power under the said ordinance or under any of the provisions of the Greater New York charter to issue the orders in question in reference to tenement houses.

The order made at Special Term from which this appeal is taken should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., and FINCH, J., concur; DOWLING and McAVOY, JJ., dissent.

Order affirmed, with ten dollars costs and disbursements.